UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OGANES DOGANYAN,<br><br>    Plaintiff,<br><br> v.<br><br>CAMMILLA WAMSLEY; TODD M. LYONS; KRISTI NOEM; PAMELA BONDI; BRUCE SCOTT,<br><br>    Defendant. | Case No. 2:25-cv-01480<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR RETURN AND STATUS REPORT, § 2241 PETITION |

## I. ORDER

**A. Motion for Temporary Restraining Order**

This matter comes before the Court on Petitioner Oganes Doganyan's Emergency Motion for Temporary Restraining Order ("TRO"), Dkt. 2, filed with his Petition for Writ of Habeas Corpus, Dkt. 1. Petitioner is a native of the Armenian province of the former Soviet Union. Dkt. 1 ¶ 21; Dkt. 3 ¶ 3. He and his family were admitted to the United States on August 17, 1990 as refugees and he adjusted his status to that of a Legal Permanent Resident (LPR) shortly after. Dkt. 1 ¶ 21; Dkt. 13 ¶ 3.

On July 2, 2018, Petitioner was convicted of Mail Fraud, Aiding and Abetting and Conspiracy to Commit Money Laundering. Dkt. 1 ¶ 22; Dkt. 3 ¶ 4. He was sentenced to thirty-three months of confinement and ordered to pay more than a million dollars in restitution. Dkt. 3 ¶ 4. Consequently, on August 14, 2024, Petitioner was detained at NWIPC in Tacoma, Washington and charged as removable under INA § 236(c). Dkt. 1 ¶¶ 1, 22; Dkt. 3 ¶ 5. This provision of the INA allows for the detention of criminal noncitizens who are deportable for having committed certain offenses. *See* 8 U.S.C. § 1226(c)(1).

On January 2, 2025, Petitioner's counsel requested he be released on humanitarian parole. Dkt. 3 ¶ 6. ICE's Office of Enforcement and Removal Operations ("ERO") denied the request on February 13. *Id.* ¶¶ 1, 6. Petitioner then applied for relief from removal. *Id.* ¶ 7. A hearing was scheduled for April 4. *Id.* Petitioner's counsel moved to continue the hearing, which was then rescheduled for May 1. *Id.* ¶ 8. The hearing proceeded, and the Immigration Judge ("IJ") denied Petitioner's applications for relief and ordered him removed to Armenia. *Id.* ¶ 9. Petitioner is now appealing the order of removal to the Board of Immigration Appeals ("BIA"). *Id.* ¶ 10; Dkt. 1 ¶ 7. The BIA has acknowledged receipt of the appeal but has not yet set a briefing schedule. Dkt. 3 ¶ 10. An ICE officer claims that Petitioner "will not be removed unless an order of removal is issued that becomes administratively final." *Id.* ¶ 11.

On August 6, 2025, Petitioner filed a habeas petition with this Court, arguing that his "continued detention violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA)." Dkt. 1 ¶ 2. In the petition, he explains that he suffers from several medical conditions, including "an extremely rare, 'Factor II Deficiency' blood disorder that causes excessive bleeding." *Id.* ¶ 3. Petitioner claims that NWIPC "is not capable of treating, and is refusing to treat this rare medical problem, which if not treated properly, could cause death." *Id.* ¶ 5. He argues that "the conduct of ICE personnel and their agents indicate that

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR RETURN AND STATUS REPORT, § 2241 PETITION - 2

that agency is simply *unable* to manage [] Doganyan's life threatening medical condition in a reasonable manner, putting [] Doganyan at risk of imminent serious bodily harm or death while he remains confined. Thus, no remedy other than immediate release can address the serious danger to [] Doganyan's life were he to stay confined in what is already a prolonged detention." *Id.* ¶ 9 (emphasis in original). He has submitted several grievance forms to officials at NWIPC documenting what he describes as "deliberate indifference to his medical needs." *Id.* ¶ 25. And Petitioner explains that, because NWIPC "is unwilling to treat his ailments, including a dental abscess that is infected and is rotting his jawbone, and incapable of taking the necessary steps in the event of excessive bleeding, his life is in jeopardy[.]" *Id.* ¶ 27.

Alongside his habeas petition, Petitioner moved for a TRO. Dkt. 2. The Court scheduled a hearing for August 14, 2025. Dkt. 14. On August 13, Respondents filed a notice of a change in custody. Dkt. 18. The notice explains that the U.S. Marshals took custody of Petitioner in connection with new criminal charges in the U.S. District Court for the Central District of California. *Id.* at 1. Accordingly, the Court cancelled the hearing and ordered the parties to file supplemental briefs addressing whether the change in custody mooted the TRO motion. Dkt. 19. Both parties responded. Dkt. 20; Dkt. 21. Respondents argued that not only was the TRO mooted, but the entire habeas action was mooted as well. Dkt. 20 at 1–2. Petitioner disagreed, claiming the TRO was still applicable and that the Court retained jurisdiction over the habeas petition. Dkt. 21 at 2–5.

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so

long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) the potential for irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7.

Petitioner requests a mandatory injunction, an order requiring "a responsible party to 'take action.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (quoting *Meghrig v. KFC W., Inc.,* 516 U.S. 479, 484 (1996)). A mandatory injunction "'goes well beyond simply maintaining the status quo [and is thus] . . . particularly disfavored.'" *Id.* (quoting *Anderson v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1980)). Accordingly, the Ninth Circuit has held that mandatory injunctions "should not be approved in the absence of a risk of 'extreme or very serious damage.'" *Hernandez*, 872 F.3d at 997 (quoting *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879).

Petitioner is no longer in ICE custody. Dkt. 18; Dkt. 22-1. Consequently, he cannot show that he is at risk of "extreme or very serious" harm from Respondents' conduct. *See Hernandez*, 872 F.3d at 997. Because it is impossible for him to meet the standard for emergency relief, *see id.*, the Court DENIES the TRO motion (Dkt. 2). Since the parties contest whether Petitioner's change in custody moots the entire habeas action, the Court declines to address those arguments in the expedited context of a TRO order. The parties shall—following the schedule below—address those arguments in the normal course of adjudicating the habeas petition.

B.      **Return and Status Report**

Petitioner has filed a 28 U.S.C. § 2241 immigration habeas petition. Dkt. 1. Having reviewed the petition, the Court ORDERS:

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR RETURN AND STATUS REPORT, § 2241 PETITION - 4

(1) If not previously accomplished, electronic posting of this Order and Petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents. Service upon the United States Attorney is deemed to be service upon the named Respondents.

(2) **Within 20 days of the date this Order is posted**, Respondent(s) shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. § 2243. As a part of such return, Respondents shall submit a memorandum of authorities in support of their position and should state whether an evidentiary hearing is necessary. Respondents shall also address whether a hearing should be set for no more than five days after the return, or if good cause requires additional time. 28 U.S.C. § 2243. Respondents shall file the return with the Clerk of the Court and shall serve a copy upon Petitioner.

(3) Respondent(s) shall note the return for consideration no earlier than 5 days after it is filed, and the Clerk shall note the return accordingly. Petitioner may file and serve a reply no later than the noting date.

(4) If Petitioner's custody status changes at any point during this litigation, **Respondents shall file a status update with the Court as soon as possible and no later than 14 days after the change.**

(5) These proceedings will be presided over by the assigned Magistrate Judge, the Honorable Michelle L. Peterson, consistent with General Order 05-25.

Dated this 22nd day of August, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR RETURN AND STATUS REPORT, § 2241 PETITION - 5