UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OGANES DOGANYAN, <br><br> Petitioner, <br><br> v. <br><br> CAMMILLA WAMSLEY, *et al.*, <br><br> Respondents. | Case No. C25-1480-TMC-MLP <br><br> REPORT AND RECOMMENDATION |

On August 6, 2025, Petitioner Oganes Doganyan, proceeding through counsel, filed a habeas petition pursuant to 28 U.S.C. § 2241. (Dkt. # 1.) Petitioner was at that time in the custody of U.S. Immigration Customs and Enforcement ("ICE") and was being detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (*See id.*) Petitioner alleged in his petition that his continued detention was in violation of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA") because NWIPC was not capable of treating, and was refusing to treat, his rare medical problem which was placing his life at risk. (*See id.* at 2-3, ¶¶ 2, 5.) Petitioner requested as relief that he be released from detention and permitted to live and receive medical attention at home. (*Id.* at 16, ¶ 1.)

REPORT AND RECOMMENDATION
PAGE - 1

Respondents have filed a return and motion to dismiss which is currently ripe for review. (Dkt. # 24.) Respondents argue therein that Petitioner's petition is moot because he is no longer in ICE custody at the NWIPC. (*Id.*) Respondents note that Petitioner was taken into custody by the U.S. Marshals on August 13, 2025, in relation to a criminal indictment in the U.S. District Court for the Central District of California and is therefore no longer receiving medical care at NWIPC.[1] (*See id.* at 3; *see also* dkt. # 18.) Petitioner did not file a response.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). The record makes clear that the only relief Petitioner sought by way of this federal habeas action was release from custody on the grounds that ICE and its agents at the NWIPC were "*unable* to manage [his] life threatening medical condition in a reasonable manner[.]" (*See* dkt. # 1 at 5, ¶ 9.) As Petitioner has now been released from ICE custody, and as it appears from the record that there is no collateral consequence that may be redressed by this Court in the instant habeas action, Petitioner's federal habeas petition is moot. *See Abdala*, 488 F.3d at 1065.

Based on the foregoing, this Court recommends that Respondents' motion to dismiss (dkt. # 24) be granted, and that Petitioner's federal habeas petition (dkt. # 1) and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

---

[1] A review of the Federal Bureau of Prisons website shows that Petitioner is currently confined at the Metropolitan Detention Center in Los Angeles, California. *See* https://www.bop.gov/inmateloc/ (last accessed Oct. 9, 2025).

REPORT AND RECOMMENDATION
PAGE - 2

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 30, 2025**.

DATED this 9th day of October, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3